```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


TRAVIS ORLANDO RAINES,

                Plaintiff,
                                       CIVIL ACTION
     vs.                               No. 05-3361-SAC

CARRIE MARLETT, et al.,


                Defendants.
```

ORDER

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. 1983 by a prisoner in state custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

Plaintiff claims his conditions of confinement violate his constitutional rights and state tort law, and he specifically alleges he has been subjected to abusive practices during meal service and by restrictions placed on exercise, that he has been denied access to the courts, and that he has been subjected to unlawful disciplinary hearings, reprisals, and retaliatory conduct.

The Prison Litigation Reform Act of 1996 amended 42

U.S.C. 1997e(a) to provide that "[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  See K.A.R. 44-15-101 - 44-15-106 (outlining grievance procedure for state prisoners).

In the Tenth Circuit, the plaintiff has the burden of pleading exhaustion of administrative remedies, and "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity."  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

It also is settled in the Tenth Circuit that the Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice."  Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

The present record does not demonstrate that plaintiff fully exhausted the administrative remedy procedure by

presenting each claim he asserts in this action to the unit team, the warden, and the Secretary of the Department of Corrections, as provided by state regulations. Although plaintiff asserts that "remedies are provably futile" (Doc. 1, p. 5), he has not provided any detailed explanation of that claim.

It is settled in this Circuit that "resort to a prison grievance process must precede resort to a court." <u>Steele</u>, 355 F.3d at 1207 (quotation marks and citation omitted). Accordingly, the court directs plaintiff to show cause why this matter should not be dismissed without prejudice due to his failure to properly exhaust available administrative remedies.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including October 14, 2005, to show cause why this matter should not be dismissed due to his failure to exhaust administrative remedies. The failure to file a timely response may result in the dismissal of this matter without prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 21st day of September, 2005.

    S/ Sam A. Crow
    SAM A. CROW
    United States Senior District Judge