IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAVIS ORLANDO RAINES,

        Plaintiff,

                              CIVIL ACTION
   vs.                        No. 05-3361-SAC

CARRIE MARLETT, et al.,

        Defendants.

ORDER

By an order entered on September 21, 2005 (Doc. 3), the court directed plaintiff  to show cause why this matter should not be dismissed due to his failure to exhaust adminis- trative remedies.  Plaintiff filed a timely response (Doc. 8).

As set forth in the court's earlier order to show cause, the Prison Litigation Reform Act of 1996 requires that a prisoner exhaust all claims through administrative remedies before proceeding in federal court.  <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1189 (10th Cir. 2004); 42 U.S.C 1997e(a)("[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner ... until such administrative remedies as are available are

exhausted.")

Having examined the response and voluminous attachments submitted by the plaintiff, the court has identified three responses from the Secretary of the Department of Corrections which document full exhaustion of the remedy procedure for certain claims: (1) a response dated March 7, 2005, in which the Secretary found no evidence to support plaintiff's claim that staff members at the El Dorado Correctional Facility were conspiring to harm him; (2) a response dated March 18, 2005, in which the Secretary adopted the Unit Team's conclusion; and (3) a response dated May 20, 2005, Grievance No. CA00012977, in which the Secretary rejected petitioner's claim that he had not been provided with adequate medical attention for complaints of shoulder pain and a hernia.

The complaint, however, contains numerous claims which arose following these dates;[1] accordingly, although one of the

---

[1]

See Complaint (Doc. 1) at p. 10: alleging plaintiff was written an illegal disciplinary report in August 2005; at p. 11: alleging a corrections officer placed a "very powerful substance" in plaintiff's hygiene products in July 2005; and at p. 14: alleging plaintiff submitted items for mailing to Washburn University and to Pastor Terri Fox in May 2005 which were neither sent nor returned to the plaintiff.

Secretary's responses gives no explanation of the underlying claim, it is clear that plaintiff has not presented all of his claims before commencing this action.

Plaintiff's failure to fully exhaust available remedies requires the dismissal of this matter without prejudice. <u>Ross</u>, <u>id</u>.

Finally, the court finds no legal basis to excuse plaintiff from exhaustion of administrative remedies based upon his claim that he lacks legal expertise (Doc. 8, p. 1).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice due to plaintiff's failure to present all claims through the administrative remedy procedure.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 18th day of October, 2005.


S/ Sam A. Crow

3

SAM A. CROW
United States Senior District Judge